IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
      v.                     ) No. 05-04043-02-CR-C-NKL
                             )
JOSEPH CALVIN SEIDL,         )
                             )
            Defendant.       )

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United
States for a Preliminary Order of Forfeiture.   In the Second
Information in this case, the United States sought forfeiture of
the following:

> $12,000.00 in United States currency seized on June 24, 2005;
> and

> $1,534.00 in United States currency seized on June 24, 2005,
> from Joseph Seidl

pursuant to 21 U.S.C. § 853 on the basis that the property
constitutes or is derived from, any proceeds Defendant Joseph
Calvin Seidl obtained, directly or indirectly, as a result of such
violation, and any and all properties used, or intended to be used,
in any manner or part, to commit, or to facilitate the commission
of the alleged offense.

On July 5, 2006, Defendant Joseph Calvin Seidl entered into a
plea agreement with the United States in which he agreed to plead

guilty to Count One of the Superseding Indictment, charging violations of 21 U.S.C. §§ 841(a)(1) and 846, and to forfeit to the United States his interest in the property identified in the Second Information.

The Court has determined, based upon the evidence set forth in the plea agreement, that the United States has established the requisite nexus between the property described herein and in the Second Information and the offense to which the Defendant has pled guilty.

By virtue of the plea agreement, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to 21 U.S.C. § 853.

Accordingly, it is hereby ORDERED:

1.     Based upon the plea agreement and the criminal forfeiture in the Second Information, the above-described property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2.     Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the above-described property in accordance with Fed. R. Crim. P. 32.2(b)(3).

3.     Pursuant to 21 U.S.C. § 853, the United States Marshals Service shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the property in such manner

2

as the Attorney General may direct, and notice that any person, other than Defendant Joseph Calvin Seidl, having or claiming a legal interest in the above-described property must file a petition with the Court (and serve a copy on C. Douglas Shull, Special Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing (or before if the Defendant consents) and shall be made part of the sentence and included in the judgment.

5.    The United States may conduct any discovery it considers

3

necessary to identify, locate or dispose of the property subject to forfeiture or substitute assets for such property.

6.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.


s/NANETTE K. LAUGHREY
**NANETTE K. LAUGHREY**
United States District Judge


Dated: August 8, 2006

4